UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL D. FREEMAN,

    Plaintiff,

v.                                                Case No. 1:07-cv-536
                                                Hon. Janet T. Neff

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI). In addition to filing a brief as directed by the court's August 28, 2007 order, plaintiff has filed a motion for remand (docket no. 10), in which she contends that the Appeals Council failed to evaluate the entire record.

Plaintiff was born on April 5, 1973 and has completed two years of college (AR 64, 93).[1] She alleges a disability onset date of August 26, 2003 (AR 64).[2] Plaintiff had previous employment as an office manager, certified evaluated nursing assistant, staffing coordinator,

---

[1] Citations to the administrative record will be referenced as (AR "page #").

[2] In her brief to the Appeals Council, plaintiff sought to amend her onset date from August 26, 2003 to September 24, 2004 (AR 571). However, the record does not include an order amending this date. Accordingly, the court will review this matter using the earlier August 26, 2003 onset date, which the ALJ utilized in his decision.

administrative assistant, assembly worker and home health aide (AR 96). Plaintiff identified her disabling conditions as endometriosis, dysuria, depression, anxiety and hypertension (AR 87). After administrative denial of plaintiff's claim, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying these claims on August 25, 2006 (AR 28-39). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

**I. LEGAL STANDARD**

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988).

Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity

(determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases. *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993). *See Brooks v. Sullivan*, No. 90-5947, 1991 WL 158744 at *2 (6th Cir. Aug. 14,1991) ("[t]o establish medical eligibility for SSI, plaintiff must show either that he was disabled when he applied for benefits . . . or that he became disabled prior to the Secretary's issuing of the final decision on this claim . . . 20 C.F.R. §§ 416.335, 416.330").

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fifth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff has not engaged in substantial gainful activity since the alleged onset of disability (AR 30). Second, the ALJ found that she suffered severe impairments consisting of a generalized anxiety disorder with panic attacks; depressive disorder; and chronic pelvic pain, status post surgery (AR 30). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 34-35).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC):

4

>   to lift/carry 10 pounds or less; stand/walk a total of about two hours out of an eight-hour workday, with normal breaks; and sit a total of about six hours out of an eight-hour workday, with normal breaks.  In addition, the claimant is limited to the performance of simple, routine work tasks and can only occasionally interact with the general public, co-workers, and supervisors.

(AR 35).  The ALJ found that plaintiff could not perform any of her past relevant work (AR 37).

At the fifth step, the ALJ determined that plaintiff had the RFC to perform a range of sedentary work (AR 38).  Specifically, the ALJ found that plaintiff could perform the following work in the regional economy: production worker (4,000 jobs) and office helper (5,000 jobs) (AR 38). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 38-39).

## III.    Motion to remand

Plaintiff seeks to remand this matter to the Appeals Council, on the ground that the Council failed to evaluate the entire administrative record.  By way of background, Attorney Gary Newton represented plaintiff at the administrative hearing (AR 28-39).  On October 26, 2006, approximately two months after the ALJ denied plaintiff's claim, Attorney Christopher Morris accepted appointment as plaintiff's counsel (AR 25).   In a letter dated October 27, 2006, Morris requested an appeal of the ALJ's decision pursuant and submitted additional medical records for consideration by the Appeals Council identified as "recent treatment notes from the University of Michigan Hospital, records from Dr. Rodgers and records from Bronson Methodist Hospital" (AR 24).  Attorney Morris also requested a copy of the administrative hearing transcript (AR 18).  In a letter dated November 3, 2006, Attorney Morris submitted a a "Medical Provider's Assessment of Ability to Do Mental Work-Related Activities" completed by Ulla Fredericksen and dated October

30, 2006 (AR 21). Then, in a letter dated November 17, 2006, Attorney Morris sent the Appeals Council a "Brief in Support of Claimant's Appeal."

In a letter addressed to Attorney Newton and dated December 11, 2006, the Appeals Council advised plaintiff that she could submit a statement about the facts and law in the case, as well as additional evidence that was new and material to the issues considered in the ALJ's decision (AR 18-19). On January 16, 2007, Attorney Morris acknowledged receipt of the letter, requested the Appeals Council note the change of counsel, and asked the Council to contact him to verify the receipt of all submissions made on behalf of plaintiff (AR 17). On or about January 23, 2007, the Appeals Council sent a letter to Attorney Morris advising that he could submit additional evidence on this matter within 25 days (AR 15-16).

On April 9, 2007, the Appeals Council entered an order to receive and make part of the record additional evidence identified as follows: representative's brief dated November 17, 2006; records from Ramesh, MD, from September 7, 2005 to June 14, 2006; University of Michigan Health System records from August 30, 2005 to October 13, 2005; and Bronson Hospital records from August 13, 2005 to November 17, 2005 (AR 14). That same day, the Appeals Council denied plaintiff's request for review (AR 11-13).

On May 9, 2007, the Appeals Council set aside its April 9, 2007 order, and made the following additional evidence part of the record: Representative's brief dated November 17, 2006; Ulla Frederiksen, LLP, assessment dated October 30, 2006; Dr. Rogers assessment dated November 16, 2006; and Punita Sharma, PT, assessment dated November 17, 2006 (AR 9-10). After considering the additional evidence, the Appeals Council again denied plaintiff's request for review (AR 5-8).

In her motion for remand, plaintiff contends that the Appeals Council erred because the administrative record did not include a handwritten "sticky note" Attorney Morris received from the Appeals Council and Attorney Morris' April 12, 2007 letter to the Council. The "sticky note" states "Return to Rep. [E]vidence post date of decision[.] Thanks[,]" while the April 12, 2007 letter requested reconsideration of the April 9, 2007 Appeals Council order denying review. *See* Exhs. A and B attached to plaintiff's motion. It would appear that the Appeals Council received the April 12th letter, since it vacated April 9th order.

In the brief in support of the motion for remand, plaintiff states that neither the April 9th order nor the May 9th order listed all of the exhibits filed in support of her appeal. Plaintiff contends that the Appeals Council did not perform "a reasoned and meaningful review of all of the evidence," engaged in "an obvious attempt to rectify a significant error without disturbing the previously issued denial," and "covered its prior mistake by hurriedly listing the additional evidence without considering the evidence."

Even if plaintiff is correct in her claim that the Appeals Council failed to incorporate certain items in the administrative record and did not perform "a reasoned and meaningful review" of the ALJ's decision, there is no basis for the court to perform a judicial review of the Council's orders. "Only final decisions of the [Commissioner] are subject to judicial review under [42 U.S.C.] § 405(g)." *Willis v. Secretary of Health and Human Servs.*, No. 93-6337, 1995 WL 31591 at * 2 (6th Cir. 1995), *citing Califano v. Saunders*, 430 U.S. 99, 108 (1977). When the Appeals Council denies review, the decision of the ALJ becomes the final decision of the Commissioner. *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). "While new material evidence may be submitted for consideration to the appeals council pursuant to 20 C.F.R. § 404.970,

on appeal we still review the ALJ's decision, not the denial of review by the appeals council." *Id.* Accordingly, plaintiff's motion for remand to the Appeals Council (docket no. 10) should be denied.

### IV. ANALYSIS OF SOCIAL SECURITY CLAIM

#### A.     Statement of error

Plaintiff raised one issue on appeal:

**Whether the district court should reverse the final decision of the Social Security Administration where subsequently provided material and competent evidence contradicts the conclusions of the administrative law judge?**

#### B.     Sentence-six remand

Plaintiff asks this court to remand this matter for consideration of the new evidence submitted to the Appeals Council. Section 405(g) authorizes two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing the decision of the Secretary (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the Secretary (sentence-six remand). *See Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994). When a plaintiff submits evidence that has not been presented to the ALJ, as here, the court may consider the evidence only for the limited purpose of deciding whether to issue a sentence-six remand under 42 U.S.C. § 405(g). *See Sizemore v. Secretary of Health and Human Servs.*, 865 F.2d 709, 711 (6th Cir.1988) (per curiam).

In a sentence-six remand, the court does not rule in any way on the correctness of the administrative decision, neither affirming, modifying, nor reversing the Commissioner's decision. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). Rather, the court remands because new evidence

has come to light that was not available to the claimant at the time of the administrative proceeding and the evidence might have changed the prior proceeding. The standard in determining whether to remand a claim for the consideration of new evidence is governed by statute. "The court . . . may at any time order the additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is *material* and that there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding."   42 U.S.C. § 405(g)(emphasis added). In order for a claimant to satisfy the burden of proof as to materiality, "he must demonstrate that there was a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore*, 865 F.2d at 711. Good cause is shown for a sentence-six remand only "if the new evidence arises from continued medical treatment of the condition, and was not generated merely for the purpose of attempting to prove disability." *Koulizos v. Secretary of Health and Human Servs.*, 1986 WL 17488 at *2 (6th Cir. Aug. 19, 1986).

### 1. Continued treatment of chronic pelvic pain

On August 29, 2006, four days after the ALJ entered his decision, plaintiff had an appointment with Stephanie Meyers, M.D., of the University of Michigan Health Systems for her history of pelvic pain (AR 587-88). As part of her treatment, plaintiff underwent flouroscopic urodynamic studies in November 2006, which revealed a "neurogenic bladder" (AR 590).[3] In addition, the court notes that on November 17, 2006, Punita Sharma, a physical therapist, prepared a "medical provider's assessment of patient's ability to do physical work-related activities" (AR

---

[3] A "neurogenic bladder" is defined as "any condition or dysfunction of the urinary bladder caused by a lesion of the central or peripheral nervous system." *Dorland's Illustrated Medical Dictionary* (28th Ed.) at 204.

668-74). This assessment identified pain in plaintiff's stomach, lumbar spine, back, right leg, right knee and right hip, and concluded that she had significant limitations in the ability to perform work related activities (AR 668-74). Plaintiff has demonstrated good cause for presenting this new evidence, because it is continued medical treatment of her chronic pelvic pain.

In addition, the court concludes that this evidence is material. While plaintiff's evaluation by the physical therapist included pain that appears unrelated to the pelvic area (such as the right knee), the medical record is silent with respect to whether her pain in the stomach, lumbar spine, back, right leg and right hip could be related to the neurogenic bladder. Taken at face value, the medical assessment would severely limit plaintiff's ability to perform work-related activities. For example, the physical therapist concluded that plaintiff could not lift or carry any weight, had problems with balance, and could sit only 5 to 10 minutes at a time (AR 668-71). Accordingly, the could agrees with plaintiff that a sentence-six remand would be appropriate to evaluate the evidence regarding the urodynamic studies performed in November 2006, the results of those studies, and limitations identified by the physical therapist.

**2.      Additional mental assessment procured after the adverse decision**

The ALJ discounted an assessment of plaintiff's ability to perform work-related activities dated September 30, 2005 prepared by Ulla Frederiksen, L.L.P., because it was not prepared by an acceptable medical source and not well supported by "abnormal findings on mental status examination" (AR 36-37). Now, plaintiff seeks to present a post-hearing assessment prepared by Ms. Frederiksen dated October 30, 2006 (AR 659-63). Plaintiff has not shown good cause for failing to provide this evidence in the prior proceedings. The new assessment was generated more than two months after the ALJ's adverse decision. Plaintiff does not identify any intervening

treatment or newly discovered condition to justify the inclusion of this post-hearing evaluation. In short, the evaluation appears to have been generated merely for the purpose of attempting to prove plaintiff's disability. Plaintiff cannot establish "good cause" for a sentence-six remand based upon such a document. *See Koulizos*, 1986 WL 17488 at *2. *Cf. Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) (explaining that the good cause requirement would be meaningless if every time a claimant lost before the agency he was free to seek out a new expert witness who might better support his position). Accordingly, there is no basis to provide a sentence-six remand to evaluate Ms. Frederiksen's October 2006 assessment.

### 3. Dr. Ramesh's records

Plaintiff also seeks to have the ALJ examine the treatment records of Bangalore Ramesh, M.D., a psychiatrist who treated plaintiff from September 2005 through June 2006 (AR 578-86). Dr. Ramesh's treatment of plaintiff is not new, having occurred prior to both the administrative hearing and the issuance of the ALJ's decision. The administrative record included Dr. Ramesh's treatment notes from September 2005, as well as the doctor's sworn statement from October 17, 2005 (AR 547-53). Plaintiff does not explain why she failed to provide the additional treatment notes to the ALJ, or how these additional notes would have caused the Commissioner to reach a different disposition of her claim. Accordingly, there is no basis to provide a sentence-six remand to evaluate this evidence.

### B. Plaintiff's additional arguments

The final two pages of plaintiff's brief on appeal include three cryptic arguments. First, she notes an "interesting question" raised by the ALJ's discounting of Ms. Frederiksen's September 30, 2005 assessment because she was not an acceptable medical source (AR 36). Second,

plaintiff contends that the ALJ's observation that plaintiff saw a psychiatrist only one time is refuted by the additional evidence (AR 37). Third, plaintiff contends that her mental health condition satisfies the listing of impairments for both anxiety disorder and major depression as found in Listings 12.04 (Affective Disorders) and 12.06 (Anxiety Related Disorders). Plaintiff does not point out any particular error in the ALJ's finding that that she failed to meet or equal Listings 12.04 and 12.06 (AR 34-35). Rather, plaintiff simply refers the court to her Appeals Council brief, which argued that Ms. Frederiksen's October 30, 2006 (i.e., the post-decision) mental assessment establishes that she met the listing requirements (AR 571-76).

Plaintiff has not adequately briefed these three alleged errors, each of which involve a variety of legal and factual issues. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). "[The court] is not required to scour the party's various submissions to piece together appropriate arguments. A court need not make the lawyer's case." *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995).

Accordingly, the court should consider these three arguments waived.

**IV.    Recommendation**

For these reasons, I respectfully recommend that plaintiff's motion for remand (docket no. 10) be GRANTED in part, and that the Commissioner's decision be remanded pursuant to sentence six of 42 U.S.C. § 405(g) for evaluation of plaintiff's treatment for pelvic pain,

specifically the evidence regarding the urodynamic studies performed in November 2006, the results of those studies, and limitations identified by the physical therapist.


Dated:  April 28, 2008                                         /s/ Hugh W. Brenneman, Jr.
                                                               HUGH W. BRENNEMAN, JR.
                                                               United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).