UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL FREEMAN,

        Plaintiff,

Case No. 1:07-cv-536

Hon. Janet T. Neff

vs.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

        Defendant.
                                    /

**REPORT AND RECOMMENDATION**

On May 14, 2008, the court remanded this matter back to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for evaluation of plaintiff's treatment for pelvic pain, specifically the evidence regarding the urodynamic studies performed in November 2006, the results of those studies, and limitations identified by the physical therapist. This matter is now before the court on plaintiff's motion for attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA") (docket no. 21). For the reasons stated below, the undersigned recommends that plaintiff's motion be denied.

      **I.**      **Legal Standard**

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d). The "fees and other expenses" authorized by the EAJA include reasonable attorney fees. 28 U.S.C. § 2412(d)(2)(A).

> Eligibility for an EAJA fee award in a civil action requires:
>
> (1) that the claimant be a "prevailing party"; (2) that the Government's position was not "substantially justified"; (3) that no "special circumstances make an award unjust"; and, (4) pursuant to 28 U.S.C. § 2412(d)(1)(B), that any fee application be submitted to the court within 30 days of final judgment in the action and be supported by an itemized statement.

*Commissioner, INS v. Jean*, 496 U.S. 154, 158 (1990).

### II.  Discussion

#### A.  Plaintiff is not a prevailing party

Although defendant has not objected to plaintiff's motion for EAJA fees, the motion should be denied for two reasons. First, plaintiff's sentence six remand does not make her a "prevailing party" for purposes of the EAJA. *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840-42 (6th Cir. 2006). Rather, the sentence six remand merely preserved plaintiff's right to file a fee petition if she prevailed on remand. *Id.* at 841-42. "Although a sentence six remand, by itself, is not a sufficient basis for a litigant to claim 'prevailing party' status, the result of subsequent administrative proceedings is sufficient to confer prevailing party status upon that same litigant." *Id.* at 842 (internal citations omitted). Plaintiff is not a prevailing party under the EAJA. Accordingly, her motion for EAJA fees should be denied.

#### B.  Plaintiff did not obtain a final judgment

Second, plaintiff's sentence six remand is not a final judgment for purposes of the EAJA. As the Supreme Court explained in *Melkonyan v. Sullivan*, 501 U.S. 89 (1991):

> [W]e conclude that in § 405(g) actions, remand orders must either accompany a final judgment affirming, modifying, or reversing the administrative decision in accordance with sentence four, or conform with the requirements outlined by Congress in sentence six. Construing remand orders in this manner harmonizes the remand provisions of § 405(g) with the EAJA requirement that a "final judgment" be entered in the civil action in order to trigger the EAJA filing period. 28 U.S.C.

§ 2412(d)(1)(B).  In sentence four cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable.  *See* § 2412(d)(2)(G).  **In sentence six cases, the filing period does not begin until after the post-remand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs.**

*Melkonyan*, 501 U.S. at 101-102 (emphasis added).  Plaintiff has not secured a final judgment against defendant. Accordingly, her motion for EAJA fees should be denied.

### III.   Recommendation

I  respectfully recommend that plaintiff's motion for attorney fees under the EAJA (docket no.21) be **DENIED**.

Dated:  November 6, 2008                    /s/ Hugh W. Brenneman, Jr.
                                             HUGH W. BRENNEMAN, JR.
                                             United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).