UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL FREEMAN,

        Plaintiff,

Case No. 1:07-cv-536

Hon. Janet T. Neff

vs.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                         /

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiff's "motion for attorney fees & costs under the Equal Access to Justice Act" (docket no. 24) and her "petition to obtain attorney fees under the Social Security Act pursuant to § 406(b)" (docket no. 32).

**I.**    **Procedural background**

On May 14, 2008, the court remanded this matter back to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for evaluation of plaintiff's treatment for pelvic pain, focusing specifically on the evidence regarding the urodynamic studies performed in November 2006, the results of those studies, and limitations identified by the physical therapist. On December 1, 2008, the court denied plaintiff's first motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, because plaintiff had not secured a final judgment and was not a prevailing party for purposes of the EAJA.

Plaintiff filed a second motion for attorney fees on February 19, 2009 (docket no. 24). This motion was not properly before the court, because plaintiff had not yet secured a final judgment

in this matter. Furthermore, plaintiff failed to file a brief in support of her motion as required by W.D. Mich. LCivR 7.1(a).

The court initiated a telephonic status conference with the parties' attorneys on June 9, 2009. During the conference, the parties advised the court that plaintiff had been awarded benefits by the Commissioner of Social Security on remand. Because this matter had been remanded to the Commissioner, the court directed Commissioner's counsel to re-instate the action in this court and secure a final judgment. The court directed plaintiff to file a brief in support of her motion within 30 days, with defendant to file a response two weeks later. During the status conference, defendant's counsel indicated that the Commissioner opposed the request for attorney fees, because plaintiff's request for fees at the hourly rate of $275 was excessive and any award of attorney fees under the EAJA would be subject to the 25% cap on attorney fees allowed in Social Security cases.

Consistent with the directions issued at the status conference, defendant filed an unopposed motion to re-instate the case and for entry of a final judgment in favor of plaintiff. The court granted the motion and entered judgment on June 15, 2009. *See* docket nos. 27, 28, 30, 31. However, neither party complied with the court's directive to brief the issues with respect to the EAJA claim. Rather, on June 25th, plaintiff filed her "petition to obtain attorney fees under the Social Security Act pursuant to § 406(b)." Neither party has briefed this issue either.

**II.     Discussion**

**A.     Plaintiff's motion for EAJA fees**

Plaintiff's motion for EAJA fees is deficient, because it failed to comply with the requirement in W.D. Mich. LCivR 7.1(a), which provides that "[a]ll motions, except those made during a hearing or trial, shall be accompanied by a supporting brief" which "shall contain a concise

statement of the reasons in support of the party's position and shall cite all applicable federal rules of procedure, all applicable local rules, and the other authorities upon which the party relies." Local court rules "play a significant role in the district courts' efforts to manage themselves and their dockets." *United States v. Eleven Vehicles, Their Equipment and Accessories*, 200 F.3d 203, 214 (3rd Cir. 2000). Such rules "are designed as internal housekeeping rules to promote the efficient operation of the district courts." *Sinito v. United States*, 750 F.2d 512, 515 (6th Cir. 1984). The briefing requirement in W.D. Mich. LCivR 7.1(a) promotes the efficient operation of this court by, among other things, providing the court and opposing parties with arguments and legal authorities relevant to the particular motion before the court. Full briefing of the legal issues provides the court with a legal framework for deciding the motion. Here, after recognizing the potential arguments in opposition to plaintiff's request for fees under the EAJA, the court specifically directed plaintiff's counsel to file a supporting brief. Despite the local court rule requirement and the court's direction, plaintiff's counsel failed to file a brief as required. This court is not required to scour a party's various submissions to piece together appropriate arguments sufficient to make the lawyer's case. *See Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995). Accordingly, plaintiff's motion for EAJA fees should be denied without prejudice for failing to comply with the local court rules and directions of the court.

      **B.**  **Plaintiff's motion for attorney fees pursuant to § 406(b)**

Similarly, plaintiff's motion for attorney fees pursuant to § 406(b) is deficient for lack of a supporting brief. This motion presents the court with a variety of legal issues regarding the availability of attorney fees under § 406(b); the amount of any attorney fees awarded under § 406(b); and the issue of receiving multiple attorney fees for performing the same work. In this regard, the

court notes that when a claimant's attorney obtains a fee award under both 42 U.S.C. § 406(b) and the EAJA, the attorney must refund to the claimant the amount of the smaller fee. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* (internal brackets omitted). Again, this court is not required to scour plaintiff's submissions to piece together arguments sufficient to make her case. *See Little*, 71 F.3d at 641. Plaintiff's motion for attorney fees under § 406(b) should be denied without prejudice for failing to comply with the local court rules.

### III. Recommendation

For these reasons, I respectfully recommend that plaintiff's motion for attorney fees and costs under the EAJA (docket no. 24) and plaintiff's petition for attorney fees pursuant to § 406(b) (docket no. 32) be **DENIED,** without prejudice.


Dated: November 20, 2009                    /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).