UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


APRIL D. FREEMAN,

        Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                                  /

Case No. 1:07-cv-536

Hon. Janet T. Neff

**REPORT AND RECOMMENDATION**

This matter is before the court on "Plaintiff's petition for attorney fees and costs" (docket no. 35).

**I.    Background**

Plaintiff appealed the an administrative decision denying her claim for disability insurance benefits and supplemental security income. On May 14, 2008, the court remanded the Commissioner's decision pursuant to sentence six of 42 U.S.C. § 405(g) for evaluation of her treatment for pelvic pain, specifically the evidence regarding the urodynamic studies performed in November 2006, the results of those studies, and limitations identified by the physical therapist. *See* docket no. 20. On remand, an Administrative Law Judge entered a fully favorable decision, finding that plaintiff was entitled to a period of disability commencing on September 24, 2004. *See* docket no. 24-2. On June 15, 2009, this court entered judgment in favor of plaintiff. *See* docket no. 31.

In her motion, plaintiff states: that she was awarded past-due benefits in the amount of $38,676.40; that the Commissioner retained 25% of the award ($9,669.10) for attorney fees; that

the Commissioner paid counsel $5,300.00 of the retainage for representation before the agency; and that the Commissioner retained the remaining $4,369.10 as potential attorney fees incurred for services provided in this federal court action. Plaintiff now seeks an attorney fee of $4,369.10 for work performed by her counsel before this court and counsel's expenses for copies and postage in the amount of $11.39. Plaintiff's motion is unopposed.

**II.    Discussion**

Attorney fee awards in social security cases are authorized under 42 U.S.C. § 406(b)(1)(A), which provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this title [42 U.S.C. § 401 et seq.] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

The statutory language of § 406(b) instructs the court to award a "reasonable fee," which can be measured by a lodestar calculation. *Gisbrecht v. Barnhart*, 535 U.S. 789, 799-800 (2002). In addition, a reasonable fee "does not exclude contingent-fee contracts that produce fees no higher than the 25 percent ceiling," which the court recognized "are the most common fee arrangement between attorneys and Social Security claimants." *Id.*

"The primary concern in an attorney fee case is that the fee awarded be reasonable, that is, one that is adequately compensatory to attract competent counsel yet which avoids producing a windfall for lawyers." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir.1999). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The product of this calculation is the so-called "lodestar amount." *See Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 642 (6th Cir.2009). There is a strong presumption that the lodestar amount (i.e., "the product of reasonable hours times a

2

reasonable rate") is consistent with the rationale behind a fee-shifting statute, which is "to enable private parties to obtain legal help in seeking redress for injuries resulting from the actual or threatened violation of specific federal laws." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986). However, the calculation of the lodestar amount does not end the court's inquiry. *Hensley*, 461 U.S. at 434. "There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Id.* After determining the basic lodestar amount, the degree of success obtained is the most important factor in determining the reasonableness of a fee award. *Kentucky Restaurant Concepts Inc. v. City of Louisville*, 117 Fed. Appx. 415, 420 (6th Cir. 2004).

Here, plaintiff does not present any evidence that she entered into an agreement to compensate her attorney on either an hourly basis or on a contingency fee. Counsel has submitted an itemized statement for 24.60 hours expended on this matter. Neither plaintiff's motion nor counsel's itemized statement sets forth an hourly rate for the work performed in this matter. Rather, counsel seeks a fee based upon a two-part calculation. First, counsel seeks an attorney fee at the hourly rate of $177.14, based upon the amount of the retainage ($4,369.10) minus his expenses ($11.39) and then divided by the hours spent on this matter (24.60). Second, counsel states that this hourly rate falls within a range that has been found reasonable in this district, citing *Kirby v. Grand Traverse County Sheriff's Department*, No. 1:07-cv-566, 2009 WL 3234147 (W.D. Mich. Sept. 30, 2009).[1] In *Kirby*, the court determined an application for attorney fees brought by a plaintiff in a civil rights action. *Kirby*, 2009 WL 3234147 at *1. In that case, the court cited the most recent *Economics of Law Practice* survey issued by the State Bar of Michigan, which reflected two applicable billing rates for the attorney: $195 (the median billing rate for attorneys in firms of three to six practitioners) and $200 (the median litigation rate charged by attorneys with 20-29 years in practice as well as the median rate charged by all Michigan litigation attorneys). *Id.* at *3.

---

[1] The court notes that plaintiff apparently intended to attach a copy of the *Kirby* opinion to her motion. However, counsel attached only the first page of the opinion. *See* docket no. 36-2.

Counsel's computation of a fee in this case does not follow the "lodestar" model, because counsel's itemized statements do not charge a particular hourly rate. *See* docket nos. 21-2, 24-3 and 35-2. Rather, counsel simply calculated a fee which would allow him to collect the remaining portion of plaintiff's benefits withheld by the agency. This attempt to "reverse engineer" a fee based upon the maximum statutory fee allowed is not an appropriate measure for a reasonable attorney fee. *See*, *e.g.*, *Lavender v. Califano*, 683 F.2d 133, 135 (6th Cir. 1982) ("the statutory maximum was not intended to be an automatic finding that fees in that amount are reasonable"). In the absence of any evidence of the actual hourly rate charged by counsel in this action, the court will rely on its previous determination that an hourly rate of $175.00 is a reasonable fee for a successful Social Security litigant in this district. *See, e.g., Morrison v. Commissioner of Social Security*, No. 1:04-cv-254, 2008 WL 828863 (W.D. Mich. March 26, 2008).[2]

Next, plaintiff's requested fee will be reduced in two respects. First, plaintiff cannot receive a fee for the time spent in preparing the motion for attorney fees (1.0 hour). "[T]ime spent preparing an application for the approval of attorney fees, pursuant only to 28 U.S.C. § 406, is not compensable." *Fee v. Astrue*, No. 06-cv-14473, 2009 WL 91297 at *1 (E.D. Mich. Jan. 14, 2009), citing *Greenfield v. Sullivan*, No. 85-661, 1990 WL 183759, *2 n. 3 (E.D.Wash. May 14, 1990) and *Craig v. Department of Health and Human Services*, 864 F.2d 324, 328 (4th Cir. 1989) (abrogated on other grounds by *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). After reducing plaintiff's fee request by one hour, plaintiff is entitled to a reasonable attorney fee of $4,130.00 (*i.e.*, 23.6 hours at $175.00 per hour = $4,130.00). Second, plaintiff presents no authority for reimbursing counsel's

---

[2] In reaching this conclusion, the court notes that this hourly rate is substantially less than the $275.00 hourly rate which plaintiff's attorney sought in her unsuccessful motion for attorney fees under the Equal Access to Justice Act. *See* docket no. 21.

4

litigation expenses of $11.39 from the withheld benefits. The applicable statute, 42 U.S.C. § 406(b)(1)(A), does not authorize the payment of litigation expenses, stating only that "[w]henever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation." Accordingly, plaintiff is not entitled to reimbursement of her litigation expenses under § 406(b)(1)(A).

### III.     Recommendation

For these reasons, I respectfully recommend that plaintiff's motion for attorney fees (docket no. 35) be **GRANTED in part** and that defendant is directed to pay plaintiff's counsel attorney's fees in the amount of $ 4,130.00. The remainder of the retainage is payable to the claimant.


Dated:  September 17, 2010                    /s/ Hugh W. Brenneman, Jr.
                                              HUGH W. BRENNEMAN, JR.
                                              United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).